UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DERRICK WATKINS,

    Plaintiff,

v.                                          Case No. 3:23-cv-333-MMH-JBT

T.R. CHASE,

    Defendant.
_____

## **ORDER**

### I. Status

Plaintiff Derrick Watkins, an inmate of the Wisconsin penal system, initiated this action in the United States District Court for the Eastern District of Wisconsin on June 22, 2022, by filing a pro se Civil Rights Complaint (Doc. 1).[1] The assigned judge transferred the action to the Middle District of Florida on March 17, 2023. See Order (Doc. 11). Watkins proceeds on a Second Amended Complaint (SAC; Doc. 21). In the SAC, he names Jacksonville Sheriff's Office Deputy T.R. Chase as the Defendant.[2] See SAC at 3. Watkins

---

[1] For all pleadings and documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

[2] The Court dismissed without prejudice the claims against Defendants Jacksonville Sheriff's Office, Duval County Jail, Duval County Circuit Court, and State of Florida. See Order (Doc. 25).

alleges Deputy Chase violated his right to be free from unreasonable searches and seizures. See id. at 6.

This matter is before the Court on Deputy Chase's Motion to Dismiss (Motion; Doc. 32). Watkins filed a response in opposition to the Motion. See Plaintiff's Motion to Challenge Defendant's Motion to Dismiss (Response; Doc. 35). Thus, the Motion is ripe for review.

## II. Watkins's Allegations[3]

Watkins alleges violations of the Fourth, Sixth and Fourteenth Amendments, as well as the Uniform Criminal Extradition Act (UCEA).[4] SAC at 4. As to the specific facts underlying his claims, Watkins asserts that on April 3, 2021, Deputy Chase "pulled up to where [Watkins] was seated outside, got out of his car and without word, handcuffed [Watkins] behind [his] back." Id. at 8. According to Watkins, Deputy Chase searched his pockets and removed his property, including his driver's license. Id. He alleges that Deputy Chase locked him in the car. Id. "[A]fter running [Watkins's] name for about

---

[3] In considering the Motion, the Court must accept all factual allegations in the SAC as true, consider the allegations in the light most favorable to Watkins, and accept all reasonable inferences that can be drawn from such allegations. Holland v. Carnival Corp., 50 F.4th 1088, 1093 (11th Cir. 2022). As such, the facts recited here are drawn from the SAC, and may well differ from those that ultimately can be proved.

[4] The State of Florida adopted the UCEA through Florida Statutes Chapter 941.

2

45 minutes to an hour," Deputy Chase discovered Watkins had an out-of-state warrant for his arrest and told Watkins that he "was going to jail for the warrant." Id.

### III. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant

3

is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (quotations, citation, and original alteration omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in

4

order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

## IV. Summary of the Arguments

In his Motion, Deputy Chase argues that Watkins's claims against him should be dismissed because: (1) the SAC does not include a short and plain statement of the facts as required by Rule 8(a)(2), Federal Rules of Civil Procedure (Rule(s)); (2) Watkins fails to state a claim upon which relief can be granted; and (3) Deputy Chase is entitled to qualified immunity. See Motion at 4–14. In response, Watkins argues that Deputy Chase detained and searched him without probable cause.[5] See Response at 1–3.

## V. Short and Plain Statement

Deputy Chase asks the Court to dismiss Watkins's SAC because "it does not provide a short and plain statement of the claim and it does not give [Deputy Chase] adequate notice of federal or state law claim against [him]." Motion at 4. According to Deputy Chase, Watkins attempts to present multiple

---

[5] Watkins also appears to make arguments regarding his claims against the Jacksonville Sheriff's Office, Duval County Jail, Duval County Circuit Court, and State of Florida. However, because the Court has dismissed the claims against these parties, it will not address these arguments.

federal or state law claims, "all of which are 'interwoven in a haphazard fashion.'" Id. at 5 (quoting Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015)). He further argues that Watkins does not make specific factual allegations, but only pleads general legal principles. Id.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of Rule 8(a)(2) is "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quotation and citation omitted). And, while pro se pleadings are liberally construed, they "must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). Rule 8(a)(2) "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). A complaint will not suffice "if it tenders naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

Here, Watkins's SAC fails to comply with Rule 8(a)(2), in that he has not included in his SAC a short and plain statement of the claim demonstrating

that he is entitled to relief. First, in the SAC, Watkins lists the UCEA and various constitutional amendments, but he does not identify which Defendant violated the rights guaranteed under those laws. See SAC at 4. Second, Watkins offers legal conclusions and vague assertions but fails to include specific factual allegations about the event giving rise to his claim. It appears that Watkins primarily challenges Deputy Chase's role in the April 3rd search and seizure, thereby implicating the Fourth Amendment's protections. See id. at 6. However, he offers no plausible or non-conclusory facts in the SAC to show why Deputy Chase lacked reasonable suspicion to stop him and conduct a search. As pled, in the SAC Watkins merely states that Deputy Chase stopped his patrol vehicle, handcuffed Watkins, and searched him. Without more, these limited factual allegations "are merely consistent with [Deputy Chase's] liability," and Watkins "stops short of the line between possibility and plausibility of entitlement to relief."[6] Iqbal, 556 U.S at 678 (quotation and citation omitted).

---

[6] Although Watkins includes additional allegations in his Response, see Response at 2, he may not amend his SAC in a response to a motion to dismiss, see Fed. R. Civ. P. 7(b); Huls v. Llabona, 437 F. App'x 830, 832 n.5 (11th Cir. 2011) (noting that a plaintiff cannot raise new arguments in a response to a motion to dismiss and instead must seek leave to amend his complaint).

7

Additionally, insofar as Watkins asserts Deputy Chase failed to advise him of his Miranda[7] rights, see SAC at 5, such an allegation fails to state a claim for relief. Indeed, "a violation of Miranda is not itself a violation of the Fifth Amendment" such that it confers a right to sue under § 1983. Vega v. Tekoh, 597 U.S. 134, 152 (2022).

To the extent Watkins attempts to raise a false arrest claim, it is without merit. "A claim of false arrest or imprisonment under the Fourth Amendment concerns seizures without legal process, such as warrantless arrests." Williams v. Aguirre, 965 F.3d 1147, 1158 (11th Cir. 2020) (citing Wallace v. Kato, 549 U.S. 384, 388–89 (2007)). If an officer had probable cause for an arrest, the arrestee may not later sue the officer under a theory of false arrest. Brown v. City of Huntsville, 608 F.3d 724, 734 (11th Cir. 2010); see also Wood v. Kesler, 323 F.3d 872, 878 (11th Cir. 2003) ("An arrest does not violate the Fourth Amendment if a police officer has probable cause for the arrest."). Here, Watkins fails to allege sufficient facts that plausibly suggest Deputy Chase lacked probable cause to arrest him. He merely makes the conclusory assertion that Deputy Chase illegally arrested him "without probable cause/warrants." SAC at 9. However, such a conclusory allegation is insufficient to state a claim

---

[7] Miranda v. Arizona, 384 U.S. 436 (1966).

8

for relief. Further, Watkins affirmatively alleges that Deputy Chase learned he was subject to an out-of-state warrant, id. at 8, which undermines his conclusion that Deputy Chase lacked probable cause to arrest him. See Williams, 965 F.3d at 1162 ("In the context of arrest warrants . . . an officer ordinarily does not violate the Fourth Amendment when he executes a facially valid arrest warrant, regardless of whether the facts known to the officer support probable cause."). Based on the above, the Motion is due to be granted.[8]

Therefore, it is now

**ORDERED:**

1. Defendant T.R. Chase's Motion to Dismiss Plaintiff Derrick Watkins's Second Amended Complaint (Doc. 32) is **GRANTED**.

2. Watkins's Second Amended Complaint (Doc. 21) is **DISMISSED without prejudice**.

---

[8] Because the claims against Deputy Chase are due to be dismissed on this basis, the Court need not address his remaining arguments.

3. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of June, 2024.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 5/24
c:  Derrick Watkins, #481289
    Counsel of record

10